**E-FILED on** 8/13/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IRMA CORONA,<br><br>           Plaintiff,<br><br>     v.<br><br>TARGET CORPORATION,<br><br>           Defendant. | No. C-10-2611 RMW<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS IN PART AND STAYING ACTION<br><br>**[Re Docket No. 8]** |

   Defendant Target Corporation's Motion to Dismiss came on for hearing before the court on August 13, 2010. Plaintiff opposes the motion. Having considered the papers submitted by the parties and the arguments at hearing, and for good cause appearing, defendant's motion is granted in part with leave to amend. The court further determines that it is appropriate to stay this action pending the outcome of the criminal proceedings involving plaintiff.

   Plaintiff Irma Corona filed this action against her former employer, defendant Target Corporation, for claims arising out of the termination of her employment at the end of March 2008. Plaintiff had been arrested at her workplace one month earlier and defendant informed plaintiff that she would not be allowed to return to work until she "resolved her court case." Complaint ¶ 6. The arrest was not related to workplace conduct. *Id.* at ¶ 8. Corona's federal criminal case is still

1  pending in this district and has not been resolved. *Id.* at ¶ 6. Plaintiff contends that she was
2  terminated from her employment merely because she had been arrested, giving rise to three claims
3  for relief: 1) violation of Labor Code § 432.7 which prohibits an employer from terminating an
4  employee's employment on the basis of "an arrest . . . that did not result in conviction"; 2)
5  termination in violation of public policy; and 3) breach of the implied covenant of good faith and
6  fair dealing.

7      Defendant moves to dismiss each claim.

8  **1.  Violation of Labor Code Section 432.7**

9      California Labor Code Section 432.7(a) provides that: "[no] employer . . . shall . . . utilize,
10 as a factor in determining any condition of employment including . . . termination . . . any record of
11 arrest . . . that did not result in conviction . . . ." Defendant argues that plaintiff's claim for relief
12 under Labor Code Section 432.7 fails as a matter of law because plaintiff has not, and cannot, allege
13 that the arrest "did not result in conviction" since the criminal charges are still pending. Defendant
14 relies on *Pittman v. City of Oakland*, 243 Cal. App.3d 1037 (1988).

15     In opposition, plaintiff argues that she can assert a claim for violation of Section 432.7, even
16 before her criminal proceedings have been completed, and that she had to file suit when she did or
17 risk having the claim be barred by the applicable statute of limitations. Plaintiff also relies on
18 *Pittman* in support of her opposition.

19     Thus, both parties rely on *Pittman* in support of their respective positions. In *Pittman*, the
20 employer terminated plaintiff's employment after his arrest. At the time of termination, the arrest
21 had not yet resulted in conviction, but a conviction was obtained prior to plaintiff's filing of his
22 complaint. The trial court sustained defendant's demurrer, and the court of appeal affirmed. The
23 court recognized that Section 432.7 "cannot be read as permitting the employer to utilize the
24 information of a mere arrest for disciplinary purposes" yet held that the demurrer was properly
25 sustained because of the underlying legislative purpose:

26     Finally, defendants demurred on the grounds that the last sentence of section
   432.7, subdivision (a) permits disclosure and use of arrest records while charges are
27 still pending. The demurrers could not be sustained on this theory. While the last
   sentence of the statute provides that an employer may ask an employee about an
28 arrest for which he or she is awaiting trial, the statute cannot be read as permitting the
   employer to utilize the information of a mere arrest for disciplinary purposes. To

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS IN PART AND STAYING ACTION—No. C-10-2611 RMW
TER                                                        2

> hold otherwise would violate the fundamental presumption of a suspect's innocence prior to the contrary being proved.  That the statute allows an employer to inquire about arrest is reasonable.  As defendants pointed out, it is proper that a bank be made aware that one of its employees has been arrested for embezzlement or that a police department be able to inquire about the circumstances under which one of its officers has been arrested for murder.  However, we do not read the statute as authorizing the utilization of an arrest alone as a factor in determining to dismiss an employee.
>
> Having said all this, we nevertheless find that the demurrers to the first cause of action of plaintiff's complaint were properly sustained.  The clear purpose of section 432.7 is to prevent the misuse of criminal offender records information, not to shelter an employee from an investigation by his employer for serious misconduct.  Accordingly, we find that in order to state a cause of action for a violation of section 432.7 the complaint must affirmatively allege that the arrest did not result in a conviction.  This is because the statute specifically deals with "information concerning an arrest or detention which *did not result in conviction*." (Italics supplied.)  The obvious intent of the legislation is to prevent the adverse impact on employment opportunities of information concerning arrests where culpability cannot be proved.
>
> In the instant action plaintiff merely alleged that the City of Oakland on or about November 15, 1983 utilized information about plaintiff's arrest which had not (at that time) resulted in conviction as a factor in determining to terminate plaintiff's employment.  At the time he filed his complaint plaintiff was unable to frame his allegation in the language of the statute, since his arrest had resulted in the conviction which was judicially noticed by the court.  Plaintiff could not, by artful drafting of his complaint, avoid the clear intent of the statute.

*Pittman*, 197 Cal. App. 3d at 1044.

Although under Section 432.7(a) as interpreted by *Pittman* an employer cannot utilize information of a mere arrest as a basis for termination, a wronged employee only has a claim if the arrest "did not result in conviction." *Id.*

Plaintiff's criminal trial based upon her arrest has not yet taken place so whether she has a viable claim cannot be determined at this time.  If plaintiff's complaint is dismissed in the meantime, however, the statute of limitations on any claims arising from her termination of employment could run, and perhaps expire, before the criminal case is concluded.  Although the statute of limitations would probably be equitably tolled pending the outcome of the criminal proceedings, the cautious and fair solution is to stay this action until such time as plaintiff's criminal case is concluded.  Neither party voiced serious objection to this approach.  If a conviction results, then plaintiff's claim will be dismissed.  If the case does not result in conviction, then plaintiff's claim may proceed.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS IN PART AND STAYING ACTION—No. C-10-2611 RMW
TER                                                                3

### 2. Termination in Violation of Public Policy

Plaintiff's second claim for relief is for wrongful termination in violation of public policy. Pointing to Labor Code Section 432.7 and Section 433 (making violation of Section 432.7 a misdemeanor), plaintiff contends that termination of employment merely because she was arrested violated California public policy.

The second claim for relief is in essence a repeat of the first claim. Since the alleged public policy violated is that set forth in Section 432.7, the claims are duplicative. It is therefore appropriate to stay further proceedings relating to the second claim for relief, pending completion of the criminal case involving Ms. Corona.

### 3. Breach of the Implied Covenant of Good Faith and Fair Dealing

Finally, defendant seeks dismissal of the third claim for relief for the breach of the implied covenant of good faith and fair dealing on the ground that the claim requires the existence of a specific contractual relationship and plaintiff does not allege an underlying employment contract. Defendants contend that absent an allegation to establish that the employment was anything but at-will, there is no claim for breach of the implied covenant of good faith and fair dealing arising out of termination of employment.

In the employment context, claims for breach of the implied covenant of good faith and fair dealing are limited to claims in contract, rather than in tort. *Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 698 n.38 (Cal. 1988). In essence, plaintiff's claim is that defendant breached the covenant of good faith and fair dealing when it terminated plaintiff's employment in connection with her arrest. Although plaintiff's employment was apparently at-will, the covenant of good faith and fair dealing nevertheless prevented defendant from acting in bad faith to frustrate the contract's actual benefits. *See Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 353 fn.18 (2000). Therefore, the covenant may have been violated if plaintiff's termination was a means to cheat plaintiff out of another contract benefit to which she was clearly entitled, such as compensation already earned. Plaintiff, however, has not claimed she lost a benefit to which she was clearly entitled. Defendant's motion to dismiss the third claim for relief is granted, with leave to amend.

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss the first two claims for relief is denied without prejudice.  Defendant's motion to dismiss the third claim for relief is granted, and plaintiff is granted twenty days leave to amend.  Additionally, with the exception of dealing with the adequacy of any amended complaint filed in response to this order, this action is stayed pending conclusion of *United States v. Corona*, CR 08-00083 PJH.

DATED:     8/13/10

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge